CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 08 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRONE HIAWATHA LEE, | ) | CASE NO. 7:17CV00340 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Tyrone Hiawatha Lee, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Roanoke City Circuit Court. Respondent filed a motion to dismiss Lee's petition, and Lee responded, making the matter ripe for disposition. After review of the record, the court concludes that Lee's petition is without merit, requiring the motion to dismiss to be granted.

## I. Background

On January 19, 2016, the Roanoke City Circuit Court convicted Lee of attempted murder, use of a firearm, and possession of a firearm by a violent felon, and sentenced him to thirteen years' imprisonment. At trial, Lee proceeded pro se with standby counsel. On June 27, 2016, the Court of Appeals of Virginia dismissed Lee's petition for appeal as untimely. On November 10, 2016, Lee filed a habeas petition in the Supreme Court of Virginia, arguing that appellate counsel was ineffective for failing to discuss the consequences of not appealing in a timely manner. While his state habeas petition was pending, Lee also filed a motion pursuant to Va. Code § 8.01-428(A)(ii) in the Supreme Court of Virginia, arguing that a nolle prosequi of a malicious wounding indictment was

void, and that he had been unlawfully denied a preliminary hearing. The Supreme Court of Virginia denied Lee's petition and motion.

In his current petition, Lee alleges the same three claims as in his state filings: (1) the denial of a preliminary hearing violated his Fourteenth Amendment rights; (2) the nolle prosequi of the malicious wounding indictment was void; and (3) appellate counsel was ineffective for failing to consult with Lee. Respondent acknowledges that Lee's petition is timely and all claims are properly exhausted.[1]

## II. Standard of Review

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
or
(2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's

---

[1] In his state habeas petition, Lee argued that counsel was ineffective for not discussing the consequences of failing to appeal, but in his federal petition, he appears to argue more broadly that counsel was ineffective for failing to consult with Lee regarding an appeal. However, any differences between Lee's federal claim and his state claim are exhausted but defaulted and must be dismissed because Lee cannot return to the Supreme Court of Virginia to raise new claims. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.") (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)); Va. Code § 8.01-654(A)(2) (two-year statute of limitation); Va. Code § 8.01-654(B)(2) (successive petition limitation).

2

determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

To state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged Strickland v. Washington test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," Id. at 689, and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." United States v. Mason, 774 F.3d 824, 828 (4th Cir. 2014). When reviewing a Strickland claim under the AEDPA, the court's review is doubly deferential. See Harrington, 562 U.S. at 105.

For Strickland's first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

3

III. Analysis

In Claim 1, Lee argues that he was improperly denied a preliminary hearing under the Fourteenth Amendment, but he does not support his claim with any law or facts. In his state habeas petition, Lee alleged that the Commonwealth had violated his rights by denying him a preliminary hearing even though he was arrested on felony charges. See Va. Code § 19.2-218. However, the right to such a hearing is granted by Virginia statute, not federal law. See Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963) ("[T]he requirement of a preliminary hearing of one arrested on a charge of a felony is not jurisdictional, and its denial does not violate the 'due process' and 'equal protection' of the law clauses of § 1 of the Fourteenth Amendment to the Constitution of the United States.").

In general, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)). However, a matter of state law may properly concern a federal habeas court if it "impugns the fundamental fairness of the trial." Stockton v. Virginia, 852 F.2d 740, 748 (4th Cir. 1988) (citing Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960)). The Supreme Court has defined "the category of infractions that violate 'fundamental fairness' very narrowly." Dowling v. United States, 493 U.S. 342, 352 (1990). Due process is only violated "when the error complained of is so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial." McCafferty v. Leapley, 944 F.2d 445, 452 (8th Cir. 1991). Lee has not proffered any support

for his bare assertion that the Fourteenth Amendment requires a preliminary hearing in a Virginia criminal court. Therefore, he has not demonstrated that the error complained of fatally infected his trial. The court will grant the motion to dismiss as to Claim 1.

Lee alleges the following as the entirety[2] of Claim 2: "Void ab initio order. Your petitioner being indicted two (2) days prior Nolle Prosequi in the District Court of the City of Roanoke, and while still imprisoned on warrant." Pet'r's Pet. 8, ECF No. 1. Once again, Lee fails to ground his claim in the Constitution, laws, or treaties of the United States. Further, nonsensical sentence fragments with no supporting facts or law cannot sustain a claim. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that habeas petitioners must support their claims with evidence; unsubstantiated self-serving statements cannot form the basis for habeas relief). Therefore, the court will grant the motion to dismiss as to Claim 2.

In Claim 3, Lee argues that appellate counsel was ineffective for not discussing the consequences of a failure to file a petition for appeal. On habeas review, the Roanoke City Circuit Court held that Lee's claim did not satisfy either prong of Strickland:

> The record, including the transcript of petitioner's sentencing hearing, a March 11, 2016 letter from petitioner to appointed standby counsel, a March 23, 2016 letter from standby counsel to petitioner, and the June 27, 2016 order of the Court of Appeals dismissing petitioner's appeal, demonstrates petitioner had elected to represent himself at trial and the trial court offered to appoint counsel to represent petitioner on appeal. Petitioner rejected the trial court's offer, telling the court, "I don't think I'm going to appeal." The trial court nonetheless appointed standby counsel to assist petitioner in perfecting an appeal if he chose to do so, but warned petitioner it was his responsibility to perfect his appeal and that if he did decide he wanted to appeal, he had to file

---

[2] Lee briefly mentions Claim 2 in his Response but he only states that the Supreme Court of Virginia's adjudication of Claim 2 was not on the merits and therefore not subject to deference under 28 U.S.C. § 2254(d). He does not present any additional facts or arguments.

5

a notice of appeal within thirty days.³ Thereafter, standby counsel filed a timely notice of appeal. Petitioner then wrote to standby counsel, directing that he "cease and desist any representation" of petitioner. Standby counsel responded by advising petitioner he would take no further action on petitioner's behalf for his appeal, but explaining the Court of Appeals would notify petitioner of the date it received his case file, and petitioner would have forty days from that date to file his petition for appeal. Standby counsel further stated he was unsure whether the Court of Appeals would also notify him when it received the case file. He offered to formally withdraw as standby counsel or file the paperwork to withdraw petitioner's appeal.

"[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Petitioner told standby counsel to "cease and desist" any representation of petitioner. He may not now complain standby counsel performed deficiently by following his instructions. Furthermore, counsel advised petitioner of the process through which petitioner could timely file an appeal. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Lee v. Clarke, No. 161644, slip op. at 1-2 (Va. Aug. 3, 2017), ECF No. 10-3.

The court agrees with the state court's analysis.⁴ Lee admits that he unequivocally told standby counsel to cease and desist representing him regarding his appeal for this case.

---

³ At sentencing, the judge questioned Lee as to whether he requested counsel on appeal. Lee responded: "I don't think I'm going to appeal. I'm going to leave it in Allah's hands, Your Honor." Trial Tr. 16, ECF No. 13. Nevertheless, the trial court reappointed standby counsel and discussed the requirements of filing an appeal:

> What I'm going to do then, just to make—give you as much range and opportunity should you change your mind in the matter [regarding whether to appeal], I am going to appoint Mr. Steidle [standby trial counsel] to act as standby counsel for you should you elect to appeal and to assist you with the filing of the notice of appeal and the other issues. Now, because you will be representing yourself, that will be on you at this point going forward. But, should you seek his assistance or his counseling at—you can call on Mr. Steidle to act in that capacity. You do need to file your notice of appeal with this Clerk. It has to be received by the Clerk within thirty (30) days of today's date. Again, otherwise your—your appeal will be compromised if not eliminated. So, make sure that if you want [standby counsel's] assistance that you get his assistance well before the thirty (30) days runs.

Id. at 17.

⁴ On February 4, 2016, standby counsel filed a notice of appeal. A month later, Lee wrote standby counsel: "Request is, hereby, made of you to cease and desist any representation of myself before any court of the Commonwealth of Virginia, immediately." Letter from Pet'r to David Steidle (Mar. 11, 2016), ECF No. 10-7. Standby counsel replied that he would not take any further action on Lee's behalf, stating:

> I shall abide by your wishes, however, I want to let you know that the transcripts in your case have been filed and you need to receive a copy, review them for accuracy, and then file a Notice of Filing of Transcripts. This notice is due within ten days of the Filing.

He cannot now complain that counsel was ineffective for failing to appeal. See Flores-Ortega, 528 U.S. at 480. Therefore, the state court's adjudication was not contrary to, or an unreasonable interpretation of, Strickland, or an unreasonable determination of facts. The court will grant the motion to dismiss as to Claim 3.

Lastly, Lee filed motions for issuance of a writ of habeas corpus, for recusal of United States Magistrate Judge Robert Ballou, and to change venue. There is no basis for Lee's motions. As such, the court will deny all of his motions as frivolous and without merit.

---

> The next step is for the clerk to prepare the record of the case and send it to the Court of Appeals. Once that is done, [t]he Court of Appeals will notify you of the date that they received the record and that is the date that the Court of Appeals uses as a marker for your deadline to file your Petition for Appeal. You will have 40 days to file your petition after the Court of Appeals receives the record.
>
> I do not know if the Court of Appeals will notify me of the date they receive the record because of my stance as your standby counsel and your request that I take no further action on your case. If you would like I can file a formal Motion to Withdraw as your standby legal counsel or, if you wish to withdraw your Appeal, I can prepare the proper paperwork for you to do so.

Letter from David Steidle to Pet'r (Mar. 23, 2016), ECF No. 10-8. Counsel also forwarded the Court of Appeals of Virginia's denial of Lee's motion to stay proceedings. Letter from David Steidle to Pet'r (Apr. 8, 2016), ECF No. 10-9. On June 27, 2016, the Court of Appeals of Virginia dismissed Lee's appeal for failure to file a petition within forty days of filing the record. See Va. Sup. Ct. R. 5A:12(a).

## IV.

For the reasons stated, the court **DENIES** Lee's pending motions and **GRANTS** the motion to dismiss. Lee's petition and motions are without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Lee and to counsel of record for Respondent. Further, finding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

**ENTER:** This ____ day of May, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge